UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SANDRA GARLAND,                                          Case No. 18-cv-270

              Plaintiff,

vs.

MARINE CREDIT UNION, WORLD
FINANCE CORPORATION OF
WISCONSIN; EXPERIAN
INFORMATION SOLUTIONS, INC.;
AND TRANS UNION LLC,

              Defendants.

---

## COMPLAINT

---

NOW COMES, Plaintiff Sandra Garland, by and through her attorneys, DeLadurantey Law Office, LLC and complains of Defendants Marine Credit Union, World Finance Corporation of Wisconsin, Experian Information Solutions, Inc., and Trans Union LLC, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1.      This lawsuit arises from incorrect credit reporting and collections.

2.      Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## Jurisdiction and Venue

3.     This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4.     This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5.     Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside.  Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6.     Plaintiff Sandra Garland (hereinafter "Ms. Garland") is a natural person who resides in the County of Brown, State of Wisconsin.

7.     Defendant Marine Credit Union is a domestic credit union with a principal office of 811 Monitor St., La Crosse, WI 54603.

8.     Defendant World Finance Corporation of Wisconsin ("Defendant World Finance") is a foreign corporation with a principal office of 108 Frederick Street, Greenville, SC 29607-2532, and a registered agent of CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703-3691.

9.     Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626, and a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

10.     Defendant Experian Information Solutions, Inc. is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of

assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

11.    Defendant Trans Union LLC ("Defendant Trans Union") is a foreign corporation with a principal office of 555 West Adams, Chicago, IL 60661, and a registered agent office of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

12.    Defendant Trans Union is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

## Factual Allegations

13.    Sometime prior to 2017, Ms. Garland incurred debts to Defendants Marine Credit Union and World Finance that were primarily for household, personal, or family purposes.

14.    Ms. Garland included these debts to Defendants Marine Credit Union and World Finance in a Voluntary Amortization of Debts under Wis. Stat. §128 (Brown County Case No. 14cv1010).

15.    In or around August 14, 2017, Ms. Garland received a court order stating her obligations to debts Defendants Marine Credit Union and World Finance had been "paid in full" and they were to report their claim balances as "zero."  See Exhibit A.

16.    After August 14, 2017, Ms. Garland obtained a copy of her credit reports from Defendants Experian and Trans Union.

17.    These credit reports showed accounts with Defendants Marine Credit Union and World Finance that still listed a balance due.

18.     Ms. Garland wrote to Defendants Experian and Trans Union, disputing the accuracy of the accounts listed on her report with Defendants Marine Credit Union and World Finance.

19.     Defendants Experian and TransUnion, as part of their reinvestigation into Ms. Garland's disputes, forwarded said disputes to debts Defendants Marine Credit Union and World Finance.

20.     Defendants Marine Credit Union and World Finance responded to the requests from Defendants Experian and Trans Union, verifying their contention that a balance was still owed.

21.     Defendants Experian and Trans Union allowed the incorrect information to remain on Ms. Krueger's credit file.

### Count 1 – Violations of the FCRA, Defendant Experian (15 U.S.C. §1681, *et seq.*)

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     Defendant Experian also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24.     Defendant Experian prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Garland to current and potential creditors.

25.     Defendant Experian violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Garland's consumer credit file, by falsely reporting that she owed a balance to Defendants Marine Credit Union and World Finance and by failing to conduct a reasonable reinvestigation with respect to the information provided by Ms. Garland that she did not owe anything on the account.

4

26.     As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

27.     Defendant Experian's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

28.     Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 2 – Violations of the FCRA, Defendant Trans Union (15 U.S.C. §1681,** *et seq.***)**

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Defendant Trans Union also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

31.     Defendant Trans Union prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Garland to current and potential creditors.

32.     Defendant Trans Union violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Garland's consumer credit file, by falsely reporting that she owed a balance to Defendants Marine Credit Union and World Finance and by failing to conduct a reasonable reinvestigation with respect to the information provided by Ms. Garland that she did not owe anything on the account.

5

33.     As a result of Defendant Trans Union's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

34.     Defendant Trans Union's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

35.     Alternatively, Defendant Trans Union's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 4 – Violations of the FCRA, Defendant Marine Credit Union (15 U.S.C. §1681, *et seq.*)**

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendant Marine Credit Union prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Ms. Garland, as defined in the FCRA.

38.     Defendant Marine Credit Union violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Ms. Garland's credit report to accurately reflect that she did not owe a balance.

39.     As a result of Defendant Marine Credit Union's failures to correct their erroneous and derogatory credit reporting, Ms. Garland has suffered reduced credit access, a barrier to financing, increased cost to borrow, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

40.     Because Defendant Marine Credit Union disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Ms. Garland to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

41.     Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### Count 5 – Violations of the FCRA, Defendant World Finance (15 U.S.C. §1681, *et seq.*)

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     Defendant World Finance prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Ms. Garland, as defined in the FCRA.

44.     Defendant World Finance violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Ms. Garland's credit report to accurately reflect that she did not owe a balance.

45.     As a result of Defendant World Finance's failures to correct their erroneous and derogatory credit reporting, Ms. Garland has suffered reduced credit access, a barrier to financing, increased cost to borrow, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

46.     Because Defendant World Finance disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Ms. Garland to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

47.     Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## Trial by Jury

48.     Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Garland prays that this Court will enter an Order:

A.     For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against all Defendants;

B.     Statutory and punitive damages against all Defendants pursuant to 15 U.S.C. § 1681n(a);

C.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against all Defendants;

D.     For such other and further relief as may be just and proper.

Dated this 21st day of February, 2018.

/s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com

*Attorneys for the Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Sandra Garland, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Sandra Garland

Sandra Garland