UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SANDRA GARLAND,                                        Case No. 18-cv-270

        Plaintiff,

v.

MARINE CREDIT UNION, WORLD
FINANCE CORPORATION OF
WISCONSIN; EXPERIAN
INFORMATION SOLUTIONS, INC.;
AND TRANS UNION LLC,


        Defendants.

---

**PLAINTIFF'S BRIEF IN SUPPORT OF PARTIAL FAST-TRACK
SUMMARY JUDGMENT AS TO ALL DEFENDANTS**

---

NOW COMES Plaintiff, Sandra Garland, by and through her attorney, Nathan DeLadurantey of

DeLadurantey Law Office, LLC, and pursuant to Fed. R. Civ. P. 56., Civil L. R. 56(b) of the

United States District Court for the Eastern District of Wisconsin, and the Court's Preferred

Procedures and General Information for Litigants, and hereby moves for Partial Summary

Judgment.

      The issue presented is the following: whether the nature of Ms. Garland's written credit

reporting dispute was factual or legal in nature.

1

## LEGAL STANDARD

The moving party is entitled to Summary Judgment as a matter of law if no genuine issues of material fact exist. Fed. R. Civ. P. 56(c). A genuine issue of material fact only exists if there is evidence "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In viewing the record and evidence, the Court must draw all inferences in the light most favorable to the non-moving party to determine the existence of genuine issues of material fact. *Schultz v. Gen. Elec. Capital Corp.*, 37 F.3d 329, 333 (7th Cir. 1994). There is not a genuine issue of fact if the "record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## STATEMENT OF FACTS

Sometime prior to 2014, Ms. Garland incurred a debt with Marine Credit Union and a debt with World Finance Corporation of Wisconsin. Declaration of Sandra Garland, ¶¶ 4 and 5. These debts were incurred primarily for personal, household, and family purposes. *Id.* ¶ 6. On July 11, 2014, Ms. Garland filed to amortize her debts with Marine Credit Union and World Finance Corporation under Wis. Stat. 128.21. *Id.* ¶ 7. This filing occurred in Brown County, Wisconsin, was assigned to the Honorable Marc A. Hammer, and given Case Number 14CV001010. *Id.* Judge Hammer signed an order approving her repayment of debts, and appointed Sandie Miskie as the trustee to administer the repayments to creditors. *Id.* ¶ 9, Exhibit A. Ms. Miskie sent notice to Marine Credit Union and World Finance Corporation related to the dollar amount of their claims to be paid in the amortization, along with an opportunity to object and/or attend a meeting to discuss the amortization. *Id.* ¶ 10, Exhibit B. Ms. Garland successfully

2

completed her amortization of debts in July 2017, and Ms. Miske submitted a final report of a successful completion on August 3, 2017. *Id*. ¶11, Exhibit C. Judge Hammer issued an order stating the debts to Marine Credit Union and World Finance Corporation were "paid in full" and they were to "report a claim balance of zero." *Id*. ¶ 12, Exhibit D. In December, 2017, Ms. Garland checked her credit report and saw that Marine Credit Union and World Finance Corporation were both listing a balance due on her credit. *Id*. ¶ 13. Ms. Garland sent letters to Experian and TransUnion, notifying them that the information from Marine Credit Union and World Finance Corporation was incorrect. *Id*. ¶14. Ms. Garland included a copy of the court order from Judge Hammer, stating that she did not owe money to Marine Credit Union and World Finance Corporation of Wisconsin and that they should list a zero balance. *Id*. Ms. Garland heard back from Experian and TransUnion in February 2017 related to her disputes. *Id*. ¶ 15. Experian and TransUnion stated that they had forwarded her disputes to Marine Credit Union and World Finance Corporation, and that they had decided that the incorrect information was to remain. *Id*.

**ARGUMENT**

**I.      A PRIOR COURT ORDER ON STATUS OF DEBT**

The Fair Credit Reporting Act (hereinafter "FCRA") governs the furnishing of incorrect information to a consumer's credit report. *Humphrey v. Navient Sols., Inc*., No. 16-cv-370-jdp, 2017 U.S. Dist. LEXIS 147859, at *8 (W.D. Wis. Sep. 13, 2017). The debate in this case is over the *nature* of the alleged inaccuracy: was it a factual issue (and within the scope of the FCRA) or a legal issue (thus requiring a court order)?

This Court addressed this issue in a previous case brought by counsel for Plaintiff. *See*

*Herrell v. Chase Bank USA, N.A.*, 218 F. Supp. 3d 788 (E.D. Wis. 2016). In *Herrell*, litigants were instructed that "furnishers are 'neither qualified nor obligated to resolve' matters that 'turn[] on questions that can only be resolved by a court of law.'" *Id.* (quoting *Chiang v. Verizon New England Inc.*, 595 F.3d at 38 (internal citations omitted)). The Court articulated that credit furnishers (like Marine Credit Union and World Finance Corporation) were not obligated to parse out payment history and contrast this history to a conflict between the statutes of limitation in Delaware and Wisconsin. Instead, the Court held that a court order on the issue would be required. Given the limited jurisdiction of the federal courts, such a court order would presumably come from a Wisconsin court. Then, the consumer could file a credit dispute, triggering the protections of the FCRA. This same analysis applies to the duties, qualifications, and obligations of Defendants Experian and TransUnion as well.

Ms. Garland procured a court order stating that she owed no money and that the accounts should thus report a zero balance. Ms. Garland than provided this court order as part of her FCRA disputes. Ms. Garland followed this Court's very instructions and had her issue related to the balance "resolved by a court of law" before filing her dispute. *Herrell* at 793 (quoting *Chiang*, 595 F.3d at 38) (internal citations omitted).

After all, the FCRA is the only mechanism for Plaintiff to correct her credit report. While a state court can address the legal question (the balance—if any—owed on the account) the FRCA is the exclusive mechanism for the actual correction of the credit report. *See Parent v. Citibank (S.D.) N.A.*, No. 09-C-951, 2010 U.S. Dist. LEXIS 58371, at *14 (E.D. Wis. June 11, 2010). Ms. Garland has followed the prior instructions of this Court to correct her credit, only to have Defendants act as if she hasn't done enough.

The Defendants want to place Ms. Garland in a credit Catch-22: consumers can't seek relief on credit reporting errors in state court (due to preemption), but a state court order on the legal status of the debt will always convert an FCRA dispute into a "legal dispute." Such a position has no place in the context of a statute designed to prevent inaccurate credit reports. 15 U.S.C. § 1681a(1).

## II.    ROOKER-FELDMAN PRECLUDES ATTACK ON THE STATE COURT ORDER

Under the *Rooker-Feldman* doctrine, this Court lacks the subject matter jurisdiction to overrule the state court's decision on the status of the debt. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Defendants cannot use this case to attack the substance, language, or holding of the decision from Judge Hammer. *Rooker-Feldman* is designed to keep sore losers from making collateral attacks on the holdings from state courts. Such an attack should not be allowed here. The decision from Judge Hammer is clear and unambiguous, and judicial comity should be granted to the decision. The debts have already been subject to a judicial determination and holding, are "paid in full," and were to "report a claim balance of zero."

## III.    CONCLUSION

Plaintiff asks this Court to grant partial summary judgment on the sufficiency of her disputes under the FCRA, specifically that they are not "legal" disputes. Defendants should not be allowed to disobey a prior order from Judge Hammer, create obligations that do not exist under statute (or prior decisions of this court), and engage in arguments barred by *Rooker-Feldman*.

Dated this 25th day of April, 2018.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey (WI# 1063937)
DeLadurantey Law Office, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
nathan@dela-law.com
*Attorney for the Plaintiff*