UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SANDRA GARLAND,                                            Case No. 18-cv-270

        Plaintiff,
v.

MARINE CREDIT UNION, WORLD
FINANCE CORPORATION OF
WISCONSIN; EXPERIAN
INFORMATION SOLUTIONS, INC.;
AND TRANS UNION LLC,

        Defendants.

**PLAINTIFF'S BRIEF IN SUPPORT OF PARTIAL FAST-TRACK SUMMARY JUDGMENT AS TO MARINE CREDIT UNION'S FIRST AFFIRMATIVE DEFENSE**

NOW COMES Plaintiff, Sandra Garland, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC, and pursuant to Fed. R. Civ. P. 56., Civil L. R. 56(b) of the United States District Court for the Eastern District of Wisconsin, and the Court's Preferred Procedures and General Information for Litigants, and hereby moves for Partial Summary Judgment.

The issue presented is the following: were Ms. Garland's claims in this case released in a prior settlement in state court? Defendant Marine Credit Union has raised this issue in their First Affirmative Defense, and expressed their resolve to pursue this defense at the scheduling conference.

1

## LEGAL STANDARD

The moving party is entitled to Summary Judgment as a matter of law if no genuine issues of material fact exist. Fed. R. Civ. P. 56(c). A genuine issue of material fact only exists if there is evidence "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In viewing the record and evidence, the Court must draw all inferences in the light most favorable to the non-moving party to determine the existence of genuine issues of material fact. *Schultz v. Gen. Elec. Capital Corp.*, 37 F.3d 329, 333 (7th Cir. 1994). There is not a genuine issue of fact if the "record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## STATEMENT OF FACTS

Sometime prior to 2014, Ms. Garland incurred a debt with Marine Credit Union and a debt with World Finance Corporation of Wisconsin. Declaration of Sandra Garland, ¶¶ 4 and 5. These debts were incurred primarily for personal, household, and family purposes. *Id.* ¶ 6. On July 11, 2014, Ms. Garland filed to amortize her debts with Marine Credit Union and World Finance Corporation under Wis. Stat. 128.21. *Id.* ¶ 7. This filing occurred in Brown County, Wisconsin, was assigned to the Honorable Marc A. Hammer, and was given Case Number 14CV001010. *Id.* Judge Hammer signed an order approving Ms. Garland's repayment of debts and appointed Sandie Miskie as the trustee to administer the repayments to creditors. *Id.* 9, Exhibit A. Ms. Miskie sent notice to Marine Credit Union and World Finance Corporation related to the dollar amount of their claim to be paid in the amortization, along with an

opportunity to object and/or attend a meeting to discuss the amortization. *Id.* ¶ 10, Exhibit B. Ms. Garland successfully completed her amortization of debts in July 2017. *Id.* ¶ 11.

On April 21, 2017, prior to the completion of the amortization of debts, Ms. Garland sued Marine Credit Union in Wisconsin circuit court. *Id.* ¶ 12, Exhibit C. On July 11, 2017, Ms. Garland executed a non-confidential settlement agreement with Marine Credit Union. *Id.* ¶ 13, Exhibit D. At the time the settlement agreement was executed, Ms. Garland had not yet completed her amortization of debts in state court. *Id.* ¶14.

## ARGUMENT

### I. PRIOR SETTLEMENT DOES NOT COVER CURRENT CLAIMS.

Plaintiff previously sued Marine Credit Union in Wisconsin circuit court. That lawsuit related to impermissible collections directed at Ms. Garland during the <u>pendency</u> of her debt amortization. *See* Affidavit of Sandra Garland, ¶ 12, Exhibit C ("This lawsuit arises from wrongful collection attempts of a loan that is being paid pursuant to Wis. Stat. § 128.21"). Nowhere in that lawsuit is the Fair Credit Reporting Act (hereinafter "FCRA") addressed or referenced. *Id.* Nowhere in that lawsuit is a credit report even mentioned. *Id.* In fact, the filing and settlement of the lawsuit *predated the completion* of Ms. Garland's debt amortization.

Marine Credit Union asks for a free lifetime pass on any claims brought by Ms. Garland: because she settled with them once a discrete claim, no future claims are possible. Such an argument has no place in law or logic, let alone the actual language of the release. Because the prior release between the parties is not ambiguous, the contractual interpretation need not proceed to a jury. *Town Bank v. City Real Estate Dev., LLC*, 2010 WI 134, P32 (Wis. 2010).

## II. CREDIT DISPUTES TRIGGERED NEW FCRA LIABILITY.

Marine Credit Union's argument begins with a faulty premise: that this case involves the same legal and factual issues considered in the prior state court case. Such a premise is unsupported by the facts as alleged in this case. After the prior settlement, Ms. Garland completed her debt amortization plan. She then filed her credit disputes, and thus Ms. Garland's rights under 15 U.S.C. § 1681s(2)(B) were triggered. These rights created the duty (and subsequent breach of that duty) belonging to Defendant Marine Credit Union as alleged in this complaint.

## III. THE PLAIN LANGUAGE OF THE RELEASE EXPRESSES ITS LIMITATIONS.

Obviously, Ms. Garland feels that the plain-language of the prior release does not include the issues involved in this lawsuit. The terms of the prior release contain sufficient details to enable this Court to ascertain the parties' intent and expectations regarding the limitations of the prior release and the reasons why the FCRA claims in case are outside the release. *Town Bank v. City Real Estate Dev., LLC*, 2010 WI 134, P33 (Wis. 2010) ("When construing contracts that were freely entered into, our goal is 'is to ascertain the true intentions of the parties as expressed by the contractual language.' … Stated another way, the best indication of the parties' intent is the language of the contract itself… for that is the language the parties 'saw fit to use' . . .) (citing *State ex rel. Journal/ Sentinel, Inc. v. Pleva*, 155 Wis. 2d 704, 711, (1990)). As such, there is no need for this case to proceed through discovery, nor are there any issues that should proceed to a jury.

4

## CONCLUSION

Plaintiff seeks partial summary judgment on the legal issue raised by Defendant Marine Credit Union in their First Affirmative Defense. No reasonable jury could believe that the claims in this case were included in a prior release, thus warranting entry of judgment on this defense.

Dated this 27th day of April, 2018.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey (WI# 1063937)
DeLadurantey Law Office, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
nathan@dela-law.com
*Attorney for the Plaintiff*